**SO ORDERED.**

**SIGNED this 23 day of May, 2016.**

_____
**David M. Warren
United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PEPPERTREE- ATLANTIC BEACH | ) | Case No.15-02700-5-DMW |
| ASSOCIATION, INC. | ) | |
| Debtor. | ) | Chapter 11 |

### AMENDED ORDER ALLOWING DEBTOR'S MOTION TO ESTABLISH PROCEDURES

THIS MATTER came on before the Court upon the Debtor's Motions for Status Conference and to Establish Procedures. Based upon the presentation of counsel and discussions in open court at the hearing, the Court hereby rescinds its prior Order Establishing Procedures entered on May 3, 2016 and by way of amended order, the Court finds as follows:

1. The Debtor filed its Petition for relief under Chapter 11 of the United States Bankruptcy Code on May 13, 2015.

2. On February 23, 2016, the Court entered an Order confirming the Debtor's Chapter 11 Plan [DE#324].

3.      With the service of the Debtor's Chapter 11 Plan, the Debtor included a Consent Order for all unit owners to sign for the purpose of clearing title to the real property which is subjected to the Peppertree-Atlantic Beach Phase One Condominium regime, and in which Debtor and all unit owners share a co-ownership interest (hereafter "Real Property"). Many unit owners returned the Consent Orders and all unit owners were informed that failure to return the Consent Order would result in an Adversary Proceeding pursuant to § 363(h) of the United States Bankruptcy Code to clear title to the Real Property.

4.      As of the date of the Motion, the Debtor will need to file Adversary Proceedings against approximately 1,291 unit owners.

5.      As discussed in the status conference hearing, the Debtor seeks an Order establishing the following procedure for these Adversary Proceedings:

   a.   Allow the Debtor to file the Adversary Proceedings by unit ownership (ex. one Adversary Proceeding to be filed naming all ownership interests of the 52 weeks in Unit 01A). The Debtor believes that this is option will be the most beneficial way to clear title to the real property and will be less taxing on the Estate and the Clerk of the United States Bankruptcy Court. This option will result in the filing of 63 separate Adversary Proceedings.

   b.   Allow the Debtor to serve the Adversary Proceeding Complaints on unit owners located within the United States with a confirmed good address via First Class U.S. Mail, postage prepaid, pursuant to Bankruptcy Rule 7004(b)(1) and (3).

   c.   Allow the Debtor to serve the Adversary Proceeding Complaints on unit owners located within the United States without a confirmed good address via First Class U.S. Mail, postage prepaid, to the parties last known address and by one (1) publication

in the Carteret Times and one (1) publication in Raleigh News and Observer pursuant to Bankruptcy Rule 7004(c). Among other significant efforts to locate these unit owners, the Debtor reports that counsel has conducted research of the public records, used Westlaw's PeopleMap (a real time, proprietary internet feature to locate relevant information about people and their connections by cross-referencing and smart linking from billions of public records across the country), performed internet searches, reviewed records in various secretary of states' offices, and made direct phone inquiries in attempts to confirm a good address and to locate the last known address and/or agents for service of process.

    d.    Allow the Debtor to serve the Adversary Proceeding Complaints by international service pursuant to Bankruptcy Rule 7004-1 in accordance with Bankruptcy Rule 7004(a) and Fed. R. Civ. P. Rule 4(f) as follows:

    (i) Only 1 unit owner is a foreign (Canadian) corporation, with a confirmed good address, and the Debtor can provide service via international mail that requires a signed receipt by and through its Officer/Director, under The Hague Service Convention.

    (ii) Only 1 unit owner is an individual, with a confirmed good address located in Norway, and the Debtor can provide service via international mail that requires a signed receipt, under The Hague Service Convention.

    (iii) Only 3 unit owners are individuals without a confirmed good address believed to be located in the United Kingdom, and The Hague Service Convention expressly does not apply. Because these unit owners have not been found after a diligent inquiry, the only realistic available means of effecting service is to serve such unit

owners by publication for three (3) successive weeks in the Carteret Times and via First Class U.S. Mail, postage prepaid, to the parties last known address. Service by publication does not run afoul of the Convention because it is entirely within the borders of the forum state.

  e. Allow the Debtor to designate any unknown heirs of a unit owner as "UNKNOWN HEIRS" of the deceased unit owner(s) by description and to serve such by publication for three (3) successive weeks in the Carteret Times, pursuant to Bankruptcy Rule 7004(b)(7), Rule 4(k)(2) of the North Carolina Rules of Civil Procedure and North Carolina General Statutes Section 1-75.8 relating to service of process for unknown defendants for *in rem* proceedings.

  f. With regard to service of process on any unit owners for which a publication shall be required, allow the Debtor to make an inclusive publication in each instance, naming all unit owners in such category, collectively under the case number of the Adversary Proceeding designated as the lead case.

  g. Allow the Debtor to list all unit owners that returned Consent Orders in the Adversary Proceeding Complaints as "Consent Order Parties", rather than Defendants, with no requirement that each Consent Order Party be opened as a separate defendant in the CM/ECF system, nor to be served as a defendant separate and apart from the notice they have already received via service of the Plan and Disclosure Statement.

IT IS THEREFORE ORDERED, that the Debtor is authorized to proceed with the 363(h) Adversary Proceedings using the following procedure:

1. The Debtor may file the Adversary Proceedings by unit ownership (ex. one Adversary Proceeding to be filed naming all ownership interests of the 52 weeks in Unit 01A). This option will result in the filing of 63 separate Adversary Proceedings.

2. The Debtor shall serve the Adversary Proceeding Complaints on unit owners located within the United States with a confirmed good address via First Class U.S. Mail, postage prepaid, pursuant to Bankruptcy Rule 7004(b)(1) and (3).

3. The Debtor shall serve the Adversary Proceeding Complaints on unit owners located within the United States without a confirmed good address via First Class U.S. Mail, postage prepaid, to the parties last known address and by one (1) publication in the Carteret Times and one (1) publication in the Raleigh News and Observer pursuant to Bankruptcy Rule 7004(c).

4. The Debtor shall serve the Adversary Proceeding Complaints by international service pursuant to Bankruptcy Rule 7004-1 in accordance with Bankruptcy Rule 7004(a) and Fed. R. Civ. P. Rule 4(f) as follows:

   (i) Only 1 unit owner is a foreign (Canadian) corporation, with a confirmed good address, and the Debtor can provide service via international mail that requires a signed receipt by and through its Officer/Director, under The Hague Service Convention.

   (ii) Only 1 unit owner is an individual, with a confirmed good address located in Norway, and the Debtor can provide service via international mail that requires a signed receipt, under The Hague Service Convention.

   (iii) Only 3 unit owners are individuals without a confirmed good address believed to be located in the United Kingdom, and The Hague Service Convention expressly does not apply. Because these unit owners have not been found after a diligent

inquiry, the only realistic available means of effecting service is to serve such unit owners by publication for three (3) successive weeks in the Carteret Times and via First Class U.S. Mail, postage prepaid, to the parties last known address. Service by publication does not run afoul of the Convention because it is entirely within the borders of the forum state.

5. The Debtor shall designate any unknown heirs of a unit owner as "UNKNOWN HEIRS" of the deceased unit owner(s) by description and to serve such by publication for three (3) successive weeks in the Carteret Times, pursuant to Bankruptcy Rule 7004(b)(7), Rule 4(k)(2) of the North Carolina Rules of Civil Procedure and North Carolina General Statutes Section 1-75.8 relating to service of process for unknown defendants for *in rem* proceedings.

6. With regard to service of process on any unit owners for which a publication shall be required, the Debtor shall make an inclusive publication in each instance, naming all unit owners in such category, collectively under the case number of the Adversary Proceeding designated as the lead case.

7. The Debtor shall list all unit owners that returned Consent Orders in the Adversary Proceeding Complaints as "Consent Order Parties", rather than Defendants, with no requirement that each Consent Order Party be opened as a separate defendant in the CM/ECF system, nor to be served as a defendant separate and apart from the notice they have already received via service of the Plan and Disclosure Statement.

**End of Document**