UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:
PEPPERTREE – ATLANTIC BEACH ASSOCIATION, INC.

      Debtor.

|  |  |
|---|---|
| IN RE:<br>PEPPERTREE – ATLANTIC BEACH ASSOCIATION, INC.<br><br>   Debtor. | CASE NO.: 15-02700-5-DMW<br>(Lead Case)<br><br>CHAPTER 11 |
| PEPPERTREE – ATLANTIC BEACH ASSOCIATION, INC.,<br><br>   Plaintiff,<br>  v. | ADV. PRO. _____ |

**CASE NO.: 15-02700-5-DMW**
**(Lead Case)**

**CHAPTER 11**

PEPPERTREE – ATLANTIC BEACH ASSOCIATION, INC.,

      Plaintiff,

   v.

**ADV. PRO. _____**

JAMES T. RUSHER; BARBARA M. RUSHER; JOHN T. BENSON; UNKNOWN HEIRS OF HAZEL S. MORRIS; RONALD BUREN; ROSEMARIE BUREN; EDWARD PRIMKA; SALLY PRIMKA; ROBERT B. PINER; ELLEN S. PINER; RUFUS HAMILTON, JR.; MARSHA MITCHELL HAMILTON; SUZANNE T. SEDILLO; CRUZ M. SEDILLO, II; MAX J. WAUGH; FRANCHINE B. WAUGH; PAULA CARDI; JUDITH H. CURRIN; VERONICA BEESON; GORDON BEESON; DONALD R. MCILWEAN; KARLA P. MCILWEAN; ANTHONY C. ANGION and MARY P. ANGION,

**COMPLAINT TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS OF CO-TENANTS AND TIME SHARE OWNERSHIP INTERESTS (UNIT 1A) (11 U.S.C. § 363 (h))**

      Defendants,

  and

MARY IRENE BARKER; BARBARA W. BOWEN; JESSE CARLOS CANNON; CHRISTINE JOHNS CANNON; JANE R. CHAPMAN; LANCE DUANE DEFFENBAUGH; JUDY SU DEFFENBAUGH; BONNIE K. GILLIKIN; MERRILL T. GRIFFIN; LARRY GRIFFIN; HERBERT HINSON; JO ANN MORTON; PATRICK H. MORTON, JR.; CURTIS E. SIMPLER; SANDRA B. SIMPLER; EILENN WEITZEL; MARK WEITZEL; TERESA G. WIGGINS; GARIELA ROBERTS n/k/a GABRIELA ZABALA; BRADFORD W. ZACHEWICZ and NANCY T. ZACHEWICZ,

      Consent Order Parties.

NOW COMES Peppertree – Atlantic Beach Association, Inc., the Debtor-Plaintiff in the above-captioned case, by and through its Special Counsel of record, and brings this Complaint against the above-named Defendants to sell certain real property free and clear of all liens and/or interests of the co-tenants and time-share ownership interests.  In support thereof, the Debtor-Plaintiff alleges and says as follows:

1.      Peppertree – Atlantic Beach Association, Inc. (hereinafter referred to as the "Debtor-Plaintiff"), is a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, and is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

2.      The Debtor-Plaintiff is a condominium owners' association (sometimes hereinafter referred to as "Association") organized under the provisions of Chapter 47A of the North Carolina General Statutes, the North Carolina Unit Ownership Act.  The Association is composed of all of the unit owners in the former condominium buildings 1 through 14 at Peppertree-Atlantic Beach Villas (hereinafter referred to as "Peppertree Phase One") in Carteret County, North Carolina. The Debtor-Plaintiff is charged with the responsibility under that certain Declaration of Unit Ownership and governing By-Laws (hereinafter referred to as "Governing Documents"), to administer the affairs of the Association, collect regular and special assessments, and manage the common areas of the condominium.  The Governing Documents are filed in the Carteret County, North Carolina Registry, at Book UO-39 beginning at Page 465, and thereafter amended by instruments recorded in Book UO43, Page 394; Book UO50, Page 307 and Book 746, Page 2, all in the Carteret County, North Carolina Registry, and all and are incorporated herein by reference.

3.      Pursuant to the Governing Documents, the real property which was originally subjected to the condominium regime is located in Atlantic Beach, Carteret County, North Carolina (hereafter referred to as "Condominium Property"), and is more particularly described in the legal description which is set forth on Exhibit A attached hereto and incorporated herein by reference.

4.      In addition to the real property that was originally subjected to the condominium regime by the Governing Documents, additional real property and improvements located thereon, has been deeded to the Debtor-Plaintiff, in which the Debtor-Plaintiff owns approximately a one-third (1/3) undivided interest as tenant in common with two other condominium associations, Peppertree-Atlantic Beach II Association, Inc. and Peppertree Atlantic Beach Villas III Association, Inc. (hereafter referred to as the "Resort Common Areas"). The Resort Common Areas, in which the Debtor-Plaintiff owns approximately a (1/3) one-third undivided interest, are located in Atlantic Beach, Carteret County, North Carolina and are more particularly described in the legal description which is set forth on Exhibit B attached hereto and incorporated herein by reference.

5.      Collectively, the Condominium Property and the Resort Common Areas are referred to herein as the "Debtor Property".

6.      Peppertree Phase One condominium was originally comprised of a total of fourteen (14) buildings, containing a total of sixty-three (63) separate condominium units (hereinafter referred to as "Unit(s)"), all constructed on the Condominium Property.  Per the terms of the Governing Documents (Declaration of Unit Ownership, Item II), each Unit constitutes a separate freehold estate in real property under North Carolina law.

7.      The Governing Documents (Declaration of Unit Ownership, Item III) provide that the ownership of each Unit shall include a corresponding respective undivided interest in and to the common areas and facilities which are subjected by the Governing Documents to the condominium regime.  The percentage of ownership interest in the common areas and facilities corresponding to each separate and distinct condominium Unit is set out as an exhibit to the Declaration of Unit Ownership.

8.      The Governing Documents provide that each of the sixty-three (63) Units may be further subdivided and subjected into fifty-two (52) separate interval ownership interests designated in said Governing Documents as "Unit Weeks" pursuant to the Governing Documents, with said interval ownership interests being created upon the recording of the first deed in said Unit conveying a Unit Week.  All sixty-three (63) units within the Peppertree Phase One condominium have been subjected to a plan of interval ownership.

9.      In or around November of 2014, the Town of Atlantic Beach, North Carolina, instituted condemnation proceedings involving all fourteen (14) original condominium buildings in the Peppertree Phase One condominium.  Ultimately, the condominium buildings were ordered to be demolished, and all fourteen (14) of the original condominium buildings have now been demolished, with no residential structures existing on the Condominium Property as of the date of this Complaint.

10.     Pursuant to N.C. Gen. Stat. § 47A-25 and general principles of law, when a condominium building is more than two-thirds (2/3) destroyed and the unit owners do not elect to proceed with repair or restoration of the condominium buildings, the resulting real property shall be deemed to be owned as tenants in common by the unit owners.  Further, the undivided interest in the real property owned by the unit owners as tenants in common which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by such owner in the common areas and facilities.  The unit owners of the Peppertree Phase One condominium have not elected to proceed with the repair or restoration of the condominium buildings.  Further, repair and restoration was cost prohibitive.

11.     Pursuant to N.C. Gen. Stat. § 47A-16 and general principles of law, the undivided interest in the Property of the Association is deemed to be owned as tenants in common by each unit owner and member of the Association, and the interest of each tenant in common

shall be the percentage of undivided interest previously owned by such unit owner in the common areas and facilities as such is defined and established in the Declaration of Unit Ownership originally creating such condominium regime.

12.     As part of the above-captioned bankruptcy proceeding, and pursuant to the confirmed Chapter 11 Plan of the Debtor-Plaintiff, all interval owners of Unit Weeks were served with notice of the Debtor-Plaintiff's intent to file, as part of the Chapter 11 Plan, a series of adversary proceedings seeking relief under 11 U.S.C. § 363 (h) for the purpose of securing an order of this Court to sell the Property free and clear of liens and interests of co-tenants and time share ownership interests. As a further provision of the confirmed Chapter 11 Plan, all interval owners of Unit Weeks were given the opportunity to sign and return a Consent Order to be filed in the adversary proceeding corresponding to the Unit in which their particular interval ownership interest is incorporated, consenting to the relief sought by this Adversary Proceeding (hereinafter referred to as "AP Consent Order").

13.     Upon information and belief, and based upon a full and complete search of the public record and title records of the land registry of Carteret County, North Carolina, all of the interval ownership interests in and to that freehold estate in real property known as Unit 1A of the Peppertree Phase One Condominium are as set forth and alleged in this Complaint and listed herein as Defendants or Consent Order Parties.

14.     The Debtor-Plaintiff, by virtue of receiving deeds from various owners, or by virtue of ownership of maintenance weeks as described in the Governing Documents (Declaration of Unit Ownership, Item VII), is the owner of each of the following designated Unit Weeks: Weeks 3, 9, 10, 12, 14, 15, 16, 17, 18, 19, 23, 25, 27, 28, 29, 30, 32, 33, 37, 42, 44, 46, 47, 48 and 52, all in Unit 1A of the Peppertree Phase One Condominium.

15.     The following entities and/or individuals have signed an AP Consent Order, consenting to the entry of an order of this Court to sell the real property in which they share a co-tenant interest, free and clear of any lien, co-tenant or time share ownership interest which they, as owners, might own, specifically in the freehold estate formerly known as Unit 1A of the Peppertree Phase One Condominium.  A copy of each Consent Order relative to the real property interests appertaining to the former Unit 1A is attached hereto as Exhibits C-O and incorporated herein by reference.  Those entities and/or individuals have signed an AP Consent Order, together with the identification of their corresponding description of their original interval ownership interest, are as follows:

|  | Owner Name(s) | Unit Week Owned |
|---|---|---|
| a. | Jesse Carlos Cannon & Christine Johns Cannon | Week 1, Unit 1A |
| b. | Merrill T. Griffin & Larry Griffin | Week 2, Unit 1A |

| | | |
|---|---|---|
| c. | Eileen Weitzel & Mark Weitzel | Week 7, Unit 1A |
| d. | Lance Duane Deffenbaugh & Judy Su Deffenbaugh | Week 11, Unit 1A |
| e. | Bradford W. Zachewicz & Nancy T. Zachewicz | Week 13, Unit 1A |
| f. | Jane R. Chapman | Week 21, Unit 1A |
| g. | Herbert Hinson | Week 22, Unit 1A |
| h. | Bonnie K. Gillikin | Week 26, Unit 1A |
| i. | Jo Ann Morton & Patrick H. Morton, Jr. | Week 34, Unit 1A |
| j. | Teresa G. Wiggins & Barbara W. Bowen | Week 36, Unit 1A |
| k. | Mary Irene Barker | Week 38, Unit 1A |
| l. | Gabriela Roberts n/k/a Gabriela Zabala | Week 40, Unit 1A |
| m. | Curtis E. Simpler & Sandra B. Simpler | Week 45, Unit 1A |

16.    The Debtor-Plaintiff, based upon a full and complete search of the public record and title records of the land registry of Carteret County, North Carolina, has determined, upon information and belief, all of the interval ownership interests in and to that freehold estate in real property known as Unit 1A of the Peppertree Phase One Condominium and has further been able to determine and confirm the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession for the individuals and an officer, a managing agent or general agent and address for the entities, and therefore alleges as follows:

a.    Upon information and belief, the Defendant Ellen S. Piner is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 20, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 146 Willow Pond, Morehead City, North Carolina 28557.

b.  Upon information and belief, the Defendant Robert B. Piner is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 20, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 146 Willow Pond, Morehead City, North Carolina 28557.

c.  Upon information and belief, the Defendant Rufus Hamilton, Jr. is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 24, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 309 Windy Circle, Goldsboro, North Carolina 27530.

d.  Upon information and belief, the Defendant Marsha Mitchell Hamilton is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 24, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 309 Windy Circle, Goldsboro, North Carolina 27530.

e.  Upon information and believe, the Defendant Suzanne T. Sedillo is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Weeks 31 and 49, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 8508 Shelley Court, Bowie, Maryland 20720.

f.  Upon information and believe, the Defendant Cruz M. Sedillo, II is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Weeks 31 and 49, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 8508 Shelley Court, Bowie, Maryland 20720.

g.  Upon information and belief, the Defendant Max J. Waugh is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 35, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 2034 Farragut Drive, Stafford, Virginia 22554.

h.  Upon information and belief, the Defendant Francine B. Waugh is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 35, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 2034 Farragut Drive, Stafford, Virginia 22554.

i.  Upon information and belief, the Defendant Paula Cardi is the owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 39, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 7406A E. Oak Island Drive, Oak Island, North Carolina 28465.

j.  Upon information and belief, the Defendant Judith H. Currin is the owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 41, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 2055 Shady Grove Church Road, Staley, North Carolina 27355.

k.  Upon information and belief, Defendant the Gordon Beeson is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 43, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 5 Tsiennoto Road, #128, Denny, New Hampshire 03038.

l.  Upon information and belief, Defendant the Veronica Beeson is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 43, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 5 Tsiennoto Road, #128, Denny, New Hampshire 03038.

m.  Upon information and belief, the Defendant Donald R. McIlwean is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 50, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 1861 Poinsetta Drive, Acworth, GA 30102.

n.  Upon information and belief, the Defendant Karla P. McIlwean is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One

Condominium, specifically originally identified as Week 50, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 1861 Poinsetta Drive, Acworth, GA 30102.

o.  Upon information and belief, the Defendant Anthony C. Angion is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 51, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 3815 Yolando Road, Baltimore, Maryland 21218.

p.  Upon information and belief, the Defendant Mary P. Angion is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 51, Unit 1A, and the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession is at 3815 Yolando Road, Baltimore, Maryland 21218.


17.    The Debtor-Plaintiff, based upon a full and complete search of the public record and title records of the land registry of Carteret County, North Carolina, determined, upon information and belief, all of the interval ownership interests in and to that freehold estate in real property formerly known as Unit 1A of the Peppertree Phase One Condominium, but despite due diligence and significant efforts through researching public records, private software, internet searches and significant inquiry, the Debtor-Plaintiff has been unable able to determine and confirm the dwelling house or usual place of abode or place where the individual regularly conducts a business or profession for the individuals or an officer, a managing agent or general agent and address for the entities, or to determine the rightful heirs, and therefore alleges as follows:

a.  Upon information and belief, the Defendant Barbara M. Rusher is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 4, Unit 1A, with a last known mailing address of 317 Hidden Creek Circle, Salisbury, North Carolina 28147.

b.  Upon information and belief, the Defendant James T. Rusher is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 4, Unit 1A, with a last known mailing address of 317 Hidden Creek Circle, Salisbury, North Carolina 28147.

c.  Upon information and belief, the Defendant Unknown Heirs of Hazel S. Morris is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One

Condominium, specifically originally identified as Week 6, Unit 1A, with a last known mailing address of 303 Maple Lane, Morehead City, North Carolina 28557.

d.   Upon information and belief, the Defendant John T. Benson is the owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 5, Unit 1A, with a last known mailing address of 402 W. Mount Vernon Street, Nixa, Missouri 65714.

e.   Upon information and belief, the Defendant Edward Primka is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 8, Unit 1A, with a last known mailing address of 1375 Partridge Place N., Boynton Beach, Florida 33425.

f.   Upon information and belief, the Defendant Sally Primka is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 8, Unit 1A, with a last known mailing address of 1375 Partridge Place N., Boynton Beach, Florida 33425.

g.   Upon information and belief, the Defendant Ronald Buren is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 8, Unit 1A, with a last known mailing address of 1375 Partridge Place N., Boynton Beach, Florida 33425.

h.   Upon information and belief, the Defendant Rosemarie Buren is an owner of a timeshare interest in former Unit 1A of the Peppertree Phase One Condominium, specifically originally identified as Week 8, Unit 1A, with a last known mailing address of 1375 Partridge Place N., Boynton Beach, Florida 33425.

18.    By virtue of their ownership interests as alleged herein, the Debtor-Plaintiff, all the named Defendants and the Consent Order Parties (individuals who have signed and submitted an AP Consent Order as alleged hereinabove in Paragraph 15), collectively own as co-tenants, via their interval ownership interests, a 1.1737 percent (%) undivided interest in the Condominium Property, which is the percentage of undivided ownership interest previously appertaining to the collective ownership of Unit 1A of the Peppertree Phase One condominium as identified and set out specifically in the Governing Documents.

19.    This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

20.    The Debtor-Plaintiff filed a Chapter 11 petition of bankruptcy on May 13, 2015 ("Bankruptcy") and the Debtor-Plaintiff continues to operate and manage the Bankruptcy as a debtor-in-possession pursuant to 11 U.S.C. § 1107.  The Debtor-Plaintiff proposes to sell the Debtor Property described herein pursuant to the confirmed Chapter 11 Plan under the authority of 11 U.S.C. § 363 (h).

21.    The Debtor Property to be sold is more particularly described in Exhibits A and B attached hereto and incorporated herein by reference, referred to hereinabove as the Condominium Property and the Debtor-Plaintiff's approximate one-third co-tenant interest in the Resort Common Areas.

22.    The Debtor-Plaintiff is informed and believes that there are no creditors purporting to have liens upon the said Debtor Property.

23.    The Debtor-Plaintiff is informed and believes that the Debtor-Plaintiff, all named Defendants and the Consent Order Parties (individuals who have signed and submitted an AP Consent Order as alleged hereinabove in Paragraph 15), all as set forth and alleged hereinabove, are individuals and/or entities owning purported timeshare interests under a timeshare plan and are tenants in common within the meaning of 11 U.S.C. § 365(h) of the Bankruptcy Code.  The proceeds of sale shall be distributed consistent with the requirements of § 363 (h) and (j) of the Bankruptcy Code, subject to the provisions of the confirmed Chapter 11 Plan in the above-captioned Bankruptcy proceeding.

24.    Partition in kind of the Debtor Property among the Bankruptcy Estate, Defendants', and Consent Order Parties' timeshare interests is impracticable.

25.    The sale of the Debtor-in-Possession's interest in the Debtor Property would realize significantly less for the Bankruptcy Estate than the sale of the Debtor Property free and clear of the interests of the timeshare interests of the Defendants and the Consent Order Parties.

26.    The benefit to the Bankruptcy Estate of a sale of the Debtor Property free and clear of the interests of the timeshare interests of Defendants and the Consent Order Parties outweighs the detriment, if any, to the timeshare interests of Defendants and the Consent Order Parties.

27.    The Debtor Property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

28.     Upon information and belief, and based upon efforts already pursued to secure AP Consent Orders as alleged hereinabove, the named Defendants have not or will not consent to the sale of the Debtor Property free and clear of such Defendants' interests.

29.     The sale of all or substantially all of the Debtor-Plaintiff's assets requires court approval and a debtor-in-possession is treated as the Trustee under 11 U.S.C. §§ 363 (h) and 1107 for the purpose of securing an order of this Court in accordance with 11 U.S.C. § 363(h) and the terms of the Confirmed Plan of Reorganization to sell real property free and clear of liens and interests of co-tenants and time share ownership interests.

WHEREFORE, THE DEBTOR-PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

1.     That the Court enter an Order allowing the Debtor-Plaintiff to sell the above-described real property, known as the Debtor Property, free and clear of co-tenant interests and/or timeshare ownership interests, with the timeshare ownership interests of the Debtor-Plaintiff, all named Defendants and Consent Order Parties to attach to the proceeds of sale, according to their priority under state and federal law and pursuant to the confirmed Chapter 11 Plan of Reorganization in the above-captioned Bankruptcy proceeding.

2.     For such other and further relief as the Court may deem just and proper.

This 10th day of June, 2016.

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

BY:     _/s/Hope Derby Carmichael_____
        Hope Derby Carmichael
        NC State Bar No. 18146
        _hcarmichael@jordanprice.com_
        Paul T. Flick
        NC State Bar No. 13494
        _pflick@jordanprice.com_
        PO Box 10669
        Raleigh, NC 27605
        Telephone: (919) 828-2501
        Facsimile: (919) 834-8447

        _Special Counsel for Plaintiff-Debtor_
        _Peppertree-Atlantic Beach Association, Inc._

        **For inquiries, call: (919) 573-1426**

**EXHIBIT A**

**Legal Description of Peppertree-Atlantic Beach Phase One Condominium Property**

BEING all of the real property described in the seven (7) separate tracts more particularly described herein below:

**TRACT 1:**

LYING AND BEING in Morehead Township, Carteret County, North Carolina, and being more particularly described as follows:

BEGINNING at a point, which point is located the following courses and distances from the Northwest corner of Lot No. Six (6), Block B, as the same is shown and delineated on a map or plat of Ocean Ridge Subdivision of record in Map Book 2, at Page 67, of the Carteret County Public Registry, said Lot Six being marked by a concrete monument: North 03° 46' 32" East 250.0 feet to a point in the East margin of a right-of-way shown on the aforementioned plat of Ocean Ridge Subdivision, thence South 86° 13' 28" East 405.0 feet; and runs thence from said beginning point thus established North 03° 46' 32" East 340.45 feet to a point; thence South 87° 57' 58" West 407.08 feet to a point in the East margin of the right-of-way shown on the aforementioned Plat of Ocean Ridge Subdivision; thence down and with the Eastern margin of said right-of-way South 03° 46' 32" West 305.24 feet; thence South 86° 13' 28" East 405.0 feet to the place of BEGINNING.

LESS AND EXCEPT a tract of land described as follows:

BEGINNING at a point, said point being in the East line of a platted, but unopened street of right-of-way shown on the aforementioned Plat of Ocean Ridge Subdivision, which point is located North 03° 46' 32" East 250 feet from a concrete monument in the Northwest corner of Lot 6, of Block B of the Ocean Ridge Subdivision as shown on map or plat recorded in Map Book 2, at Page 67-69 of the Carteret County Public Registry, and runs thence from said beginning point thus established, South 86° 13' 28" East 225.00 feet to a point; thence North 03° 46' 32" East 124.29 feet to a point; thence North 67° 50' 29" West 125.05 feet to a point; thence North 43° 39' 39" West 22.17 feet to a point; thence North 03° 46' 32" East 71.28 feet to a point; thence North 86° 13' 28" West 90.0 feet to a point in the aforementioned East right-of-way line of the abovementioned street or right-of-way; thence South 03° 46' 32" West with said right-of-way line 250.0 feet to the place of BEGINNING.

TOGETHER with an easement, right and license to use the pool, clubhouse and any other facilities now constructed or which may hereafter be constructed on the Exception tract above set forth.

**TRACT 2:**

Lying and being in Carteret County, North Carolina, and being more particularly described as follows:

BEGINNING at a point, which point is located at the Northeasternmost corner of that Tract 1 herein above described, said point also being located the following courses and distances from the Northwest corner of Lot No. Six (6), Block B, as the same is shown and delineated on a map or plat of Ocean Ridge Subdivision of record in Map Book 2, at Page 67, of the Carteret County Public Registry, and being Marked by a concrete monument: North 03° 46' 32" East 555.24 feet and North 87° 57' 58" East 407.08 feet; and runs thence from said beginning point thus established North 87° 57' 58" East 276.41 feet; thence South 03° 47' 00" West 384.43 feet to a point; thence North 83° 02' 34" West 180.20 feet to a point; thence North 86° 13' 28" West 20.0 feet to a point; thence South 03° 46' 38" West 25.0 feet to a point; thence North 86° 13' 28" West 75.0 feet to a point; thence North 03° 46' 32" East 340.45 feet to the place of BEGINNING. Containing 2.33 acres, more or less.

**EXHIBIT B**

**Legal Description of 1/3 Ownership Interest of Peppertree-Atlantic Beach Association, Inc.
in and to Peppertree-Atlantic Beach Resort Common Areas**

**TRACT 1:**

BEING a 1/3 undivided interest as tenants in common in and to that certain real property known as the laundry facility and as described as ".52 ac." on that survey by James L. Phillips, III dated March 24, 1999 entitled "Peppertree Atlantic Beach Associates", which legal description is incorporate herein by reference; which interest was conveyed to Peppertree-Atlantic Beach Association, Inc. by virtue of that certain deed recorded in Book 1008, Page 430, Carteret County Registry.

**TRACT 2:**

BEING a 1/3 undivided interest as tenants in common in and to that certain real property known as that certain beach walkway/access area as described on that survey by Thomas Edward Strickland of Strickland Surveying, PA dated April 28, 2003 and entitled "Physical Survey for Peppertree Resort Villas, Inc., Ocean Ridge Subdivision", which legal description is incorporated herein by reference; which interest was conveyed to Peppertree-Atlantic Beach Association, Inc. by virtue of that certain deed recorded in Book 1008, Page 429, Carteret County Registry, and also known as Lot Nos. 5, 6, 7, and 8 of Block L of Ocean Ridge Subdivision as depicted on that plat recorded in Map Book 2, Page 67, Carteret County Register of Deeds, plus the easternmost half of 1st Street as depicted on said Map. Being the same property upon which a wood walkway, gazebo, and hut are located, with an easement over such improvements having been granted to the various owners association of Peppertree Atlantic Beach by the said document referenced above.

**TRACT 3:**

BEING a 1/3 undivided interest as tenants in common in and to that certain real property known as the General Store and more particularly described as follows:

BEGINNING at an iron pipe which is located the following courses and distances from the intersection of the center line of Salter Path Road (a/k/a West Fort Mason Road) and Cedar Avenue; South 84 degrees 09" 32' West 215.87 feet to an iron pipe in the South right-of-way line of Salter Path Road; thence South 03 degrees 47"00' West 212.33 feet to an iron pipe at the northeast corner of the property of Peppertree Resort Villas, a condominium; thence with the north line of the condominium South 87 degrees 57" 58' West 119.09 feet to an iron pipe, the POINT OR PLACE OF BEGINNING.

FROM THE SAID POINT OR PLACE OF BEGINNING South 87 degrees 57" 58' West 75.00 feet to an iron pipe; thence North 02 degrees 24"02' West 83.37 feet to an iron pipe; thence North 87 degrees 35" 58' East 75.00 feet to an iron pipe; thence South 02 degrees 24" 02' East

83.85 feet to the POINT OR PLACE OF BEGINNING; which interest was conveyed to Peppertree-Atlantic Beach Association, Inc., by virtue of that certain deed recorded in Book 816, Page 539, Carteret County Registry.

**TRACT 4:**

BEING a 1/3 undivided interest as tenants in common in and to that certain real property known as the Pavilion Area and more particularly described as follows:

BEGINNING at an iron pipe in the east right-of-way line of a platted 80-foot street or way, which point is located the following courses and distances from the intersection of the center line of the said West Fort Macon Road (Salter Path Road) and Cedar Avenue:

South 84 degrees 09" 32' West 215.87 feet to an iron pipe in the south right-of-way line of West Fort Macon Road (a/k/a Salter Path Road); thence with the said right-of-way line of Fort Macon Road South 88 degrees 21" 29' West 320.56 feet to an iron pipe; continuing thence with the said right-of-way line South 88 degrees 04" 51' West 357.40 feet to a concrete monument; continuing thence with the said right-of-way lint South 88 degrees 04' 51' West 5.22 feet to an iron pipe; thence South 03 degrees 46" 32' West 104.77 feet to an iron pipe in the east line of an 80-foot right-of-way the POINT OR PLACE OF BEGINNING:

From the said POINT OR PLACE OF BEGINNING South 69 degrees 17" 28' East 90.85 feet to an iron pipe; thence South 20 degrees 42" 32' West 81.17 feet to an iron pipe; thence South 87 degrees 57" 58' West 63.59 feet to an iron pipe in the east line of the said 80-foot right-of-way; thence North 03 degrees 46" 32' East with the right-of way line 110.55 feet to the POINT OR PLACE OF BEGINNING; which interest was conveyed to Peppertree-Atlantic Beach Association, Inc. by virtue of that certain deed recorded in Book 816, Page 546, Carteret County Registry.

For a more particular description, see that plat or survey prepared by Rose & Associated, P. A. captioned "Plat General Store and Pavilion" dated December 8, 1997 and revised December 30, 1997.

**TRACT 5:**

BEING a 1/3 undivided interest as tenants in common in and to that certain real property known as the Sewage Treatment Plant and more particularly described as follows:

Tract 1:  BEGINNING at a nail set in the southern edge of that certain 80-foot right-of-way for NC Highway 58 (also now or formerly known as Fort Macon Road); thence from said beginning point North 88 degrees 17' 45" East 53.83 feet to a point; thence with the western line of Bailey (now or formerly) South 03 degrees 50' 55" West 212.78 feet to an existing iron pin; thence South 87 degrees 58' 00" West 95.17 feet to a nail set; thence North 31 degrees 10' 35" East 36.97 feet; thence North 03 degrees 33' 05" East 107.08 feet; thence North 23 degrees 36' 00" East 43.40 feet; thence North 19 degrees 09' 35" East 37.90 feet to the point of BEGINNING and containing 0.365 acres more or less.

Tract 2:  BEGINNING at a common corner with Peppertree Atlantic Beach Associates (now or formerly), said corner marking the southwestern corner of that property shown on a unrecorded plat by Roase and Associates dated December 8, 1997, entitled Peppertree A.B. Associates General Store and Pavilion, thence from said point South 87 degrees 58' 08" West 420.46 feet to a point; thence North 20 degrees 42' 32" East 81.17 feet; thence North 69 degrees 17' 28" West 90.85 feet to a point; thence North 03 degrees 46' 32" East 104.77 feet to a point; thence North 88 degrees 04' 51" East 362.59 feet crossing a pin to a point; thence North 88 degrees 17' 46" East 98.31 feet to a point; thence South 02 degrees 24' 02" East 212.94 feet to the point of BEGINNING and containing 2.153 acres more or less, which interest was conveyed to Peppertree-Atlantic Beach Association, Inc., by virtue of those certain deeds recorded in Book 856, Page 658, and Book 872, Page 344, Carteret County Registry.

Conveyed herewith to the grantees, their successors and assigns is a perpetual easement for ingress, regress, and regress over and across that certain unnamed existing driveway running in a northeasterly direction, abutting the western boundary of Tract 1, as said existing drive is shown on that certain unrecorded plat by James I. Phillips, III R. L. S. No. L-3151, titled "Peppertree Atlantic Beach Associates Boundary and Easement" dated March 24, 1999.

Conveyed herewith to the grantees, their successors and assigns is a perpetual twenty-foot wide easement for installation and maintenance of underground utilities, as well as ingress, egress and regress, said easement running from Tract 1 to Tract 2.  Said easement is more particularly described as BEGINNING at a point that is South 02 degrees 24' 02" East 20 feet from Point number 64 as shown on an unrecorded plat by Roase and Associates, dated December 8, 1997, entitled "Peppertree A. B. Associates General Store and Pavilion," thence South 02 degrees 24' 02" East 20 feet to a point, thence in a northeasterly direction, running parallel with the right of way of Highway NC 58 (now or formerly "Fort Macon Road") to the unnamed driveway described immediately above; thence northeast with the boundary of said easement for the unnamed driveway 20 feet; thence in a southwesterly direction, running parallel with the right of way of highway NC 58 (now or formerly "Fort Macon Road") to the point of BEGINNING, and being to the south of Highway NC 58, north of the presently existing laundry located on the property, and within the right of way for NC 58.

TOGETHER with a perpetual easement to access roads as described in Paragraph 3, Page 3, of the Second Amendment to the Declaration of Unit Ownership as recorded in UO Book 50, Page 307, Carteret County Registry.

AND Together with a perpetual easement for ingress, egress and regress over those defined pedestrian ways as described in Paragraph 4, Page 4, of the Second Amendment to the Declaration of Unit Ownership as recorded in UO Book 50, Page 307, Carteret County Registry.

AND Together with easements of ingress, egress, and regress and use of facilities located on Tax PIN 637515637021000, 637573055000, and 63751563536000.

SUBJECT TO the restrictions, conditions, and covenants as recorded in Book 856, Page 658, Carteret County Registry.

SUBJECT TO easements in favor of all owners of timeshares of Phases II and III of Peppertree-Atlantic Beach for ingress, egress, and regress and to amenities in and to the above seven tracts.

SUBJECT TO all easements, rights-of way and restrictions of record as recorded in the Carteret County Registry and as reserved in those certain declarations for Peppertree-Atlantic Beach as recorded in the Carteret County Registry.



EXHIBIT

C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

        Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

## CONSENT ORDER
## ALLOWING SALE OF UNIT OWNERSHIP INTEREST
## PURSUANT TO 11 U.S.C. § 363(h)

    1.    The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

    2.    Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

    3.    Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

4.       By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.       By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.       As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.       The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.       The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.       This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

Owner Signature:

Owner Full Name:                    CHRISTINE JOHNS CANNON

Owner Residential Address:          1912 Greenbrier Road, KINSTON, NC 28501

Peppertree, Phase 1,
Building/Unit Number:               01A

Peppertree, Phase 1, Week Number:   1

END OF DOCUMENT

Owner Signature:

Owner Full Name:                          JESSE CARLOS CANNON

Owner Residential Address:                1912 Greenbrier Road, KINSTON, NC 28501

Peppertree, Phase 1,
Building/Unit Number:                     01A

Peppertree, Phase 1, Week Number:         1

END OF DOCUMENT



**EXHIBIT**

D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER**
**ALLOWING SALE OF UNIT OWNERSHIP INTEREST**
**PURSUANT TO 11 U.S.C. § 363(h)**

1.      The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.      Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.      Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

4.      By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.      By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.      As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.      The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.      The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.      This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

**NOW, THEREFORE, IT IS HEREBY ORDERED,** by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

Owner Signature:

Owner Full Name:                    Larry GRIFFIN

Owner Residential Address:          PO BOX 552, AVON, NC 27915

Peppertree, Phase 1,
Building/Unit Number:               01A

Peppertree, Phase 1, Week Number:   2

END OF DOCUMENT

Owner Signature: _____

Owner Full Name: _____ MERRILL T. GRIFFIN _____

Owner Residential Address: _____ PO BOX 552, AVON, NC 27915 _____

Peppertree, Phase 1,
Building/Unit Number: _____ 01A _____

Peppertree, Phase 1, Week Number: _____ 2 _____

END OF DOCUMENT



EXHIBIT

E

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER
ALLOWING SALE OF UNIT OWNERSHIP INTEREST
PURSUANT TO 11 U.S.C. § 363(h)**

1.       The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.       Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.       Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.     By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.     By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.     As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.     The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.     The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.     This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

NOW, THEREFORE, IT IS HEREBY ORDERED, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature: _____Eileen Weitzel 1-9-16_____

Owner Full Name: _____EILEEN WEITZEL_____

Owner Residential Address: _____4104 Sterling Trace Drive, WINTERVILLE, NC 28590_____

Peppertree, Phase 1,
Building/Unit Number: _____01A_____

Peppertree, Phase 1, Week Number: _____7_____

END OF DOCUMENT

Owner Signature: _____ 1-9-16

Owner Full Name:      Mark Weitzel

Owner Residential Address:      4104 Sterling Trace Drive, WINTERVILLE, NC 28590

Peppertree, Phase 1,
Building/Unit Number:      01A

Peppertree, Phase 1, Week Number:      7

END OF DOCUMENT



EXHIBIT

F

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER**
**ALLOWING SALE OF UNIT OWNERSHIP INTEREST**
**PURSUANT TO 11 U.S.C. § 363(h)**

1.      The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.      Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.      Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.      By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.      By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.      As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.      The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.      The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.      This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature: _____

Owner Full Name:     JUDY SU DEFFENBAUGH

Owner Residential Address:     425 QUEEN ANNE DRIVE, HARTWOOD, VA 22406

Peppertree, Phase 1,
Building/Unit Number:     01A

Peppertree, Phase 1, Week Number:     11

END OF DOCUMENT



Exhibit

G

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER**
**ALLOWING SALE OF UNIT OWNERSHIP INTEREST**
**PURSUANT TO 11 U.S.C. § 363(h)**

1.    The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.    Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.    Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

4.      By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.      By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.      As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.      The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.      The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.      This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

NOW, THEREFORE, IT IS HEREBY ORDERED, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

4.     By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.     By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.     As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.     The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.     The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.     This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

NOW, THEREFORE, IT IS HEREBY ORDERED, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature:

Owner Full Name:               BRADFORD W. ZACHEWICZ

Owner Residential Address:     1902 OLD CHERRY POINT RD # R, NEW BERN, NC 28560

Peppertree, Phase 1,
Building/Unit Number:          01A

Peppertree, Phase 1, Week Number:    13

END OF DOCUMENT

Owner Signature: _Nancy T. Zachewicz_

Owner Full Name: NANCY T. ZACHEWICZ

Owner Residential Address: 1902 OLD CHERRY POINT RD # R, NEW BERN, NC 28560

Peppertree, Phase 1,
Building/Unit Number: 01A

Peppertree, Phase 1, Week Number: 13

END OF DOCUMENT



EXHBIT

H

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER**
**ALLOWING SALE OF UNIT OWNERSHIP INTEREST**
**PURSUANT TO 11 U.S.C. § 363(h)**

1.      The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.      Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.      Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.      By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.      By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.      As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.      The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.      The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.      This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

NOW, THEREFORE, IT IS HEREBY ORDERED, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature: _____*Jane R. Chapman*_____

Owner Full Name: JANE R. CHAPMAN

Owner Residential Address: 2926 MOHAWK DR, RICHMOND, VA 23235

Peppertree, Phase 1,
Building/Unit Number: 01A

Peppertree, Phase 1, Week Number: 21

END OF DOCUMENT



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

          Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER
ALLOWING SALE OF UNIT OWNERSHIP INTEREST
PURSUANT TO 11 U.S.C. § 363(h)**

1.      The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.      Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.      Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.    By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.    By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.    As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.    The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.    The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.    This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

NOW, THEREFORE, IT IS HEREBY ORDERED, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

Owner Signature: _____

Owner Full Name:     HERBERT HINSON

Owner Residential Address:     4047 Mary Kathryn Circle, Panama City, FL 32405

Peppertree, Phase 1,
Building/Unit Number:     01A

Peppertree, Phase 1, Week Number:     22

END OF DOCUMENT



EXHIBIT

J

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

　　　　　Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER
ALLOWING SALE OF UNIT OWNERSHIP INTEREST
PURSUANT TO 11 U.S.C. § 363(h)**

　　　1.　　The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

　　　2.　　Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

　　　3.　　Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.    By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.    By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.    As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.    The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.    The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.    This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

NOW, THEREFORE, IT IS HEREBY ORDERED, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature:

Owner Full Name:                    BONNIE K. GILLIKIN

Owner Residential Address:          100 Progress Way Apt I-30, Jacksonville, NC 28546

Peppertree, Phase 1,
Building/Unit Number:               01A

Peppertree, Phase 1, Week Number:   26

END OF DOCUMENT



EXHIBIT

K

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

                    Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER**
**ALLOWING SALE OF UNIT OWNERSHIP INTEREST**
**PURSUANT TO 11 U.S.C. § 363(h)**

    1.      The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

    2.      Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

    3.      Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.      By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.      By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.      As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.      The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.      The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.      This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature: _____

Owner Full Name:          JO ANN MORTON

Owner Residential Address:          PO Box 125, Argyle, NY 12809

Peppertree, Phase 1,
Building/Unit Number:          01A

Peppertree, Phase 1, Week Number:          34

END OF DOCUMENT

Owner Signature: _____

Owner Full Name:          PATRICK H. MORTON, JR.

Owner Residential Address:     PO Box 125, Argyle, NY 12809

Peppertree, Phase 1,
Building/Unit Number:      01A

Peppertree, Phase 1, Week Number:    34


END OF DOCUMENT



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

             Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER**
**ALLOWING SALE OF UNIT OWNERSHIP INTEREST**
**PURSUANT TO 11 U.S.C. § 363(h)**

     1.     The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

     2.     Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

     3.     Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

4.      By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.      By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.      As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.      The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.      The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.      This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

NOW, THEREFORE, IT IS HEREBY ORDERED, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature: _____

Owner Full Name:      BARBARA W. BOWEN

Owner Residential Address:      P.O. BOX 1661, KINSTON, NC 28503

Peppertree, Phase 1,
Building/Unit Number:      01A

Peppertree, Phase 1, Week Number:      36

END OF DOCUMENT

Owner Signature:

Owner Full Name:                    TERESA G. WIGGINS

Owner Residential Address:          P.O. BOX 1661, KINSTON, NC 28503

Peppertree, Phase 1,
Building/Unit Number:               01A


Peppertree, Phase 1, Week Number:   36



END OF DOCUMENT



EXHIBIT

M

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER
ALLOWING SALE OF UNIT OWNERSHIP INTEREST
PURSUANT TO 11 U.S.C. § 363(h)**

1.      The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.      Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.      Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.      By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.      By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.      As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.      The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.      The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.      This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature: _____

Owner Full Name: MARY IRENE BARKER _____

Owner Residential Address: 3526 HURSTBOURNE RIDGE BLVD, LOUISVILLE, KY 40299

Peppertree, Phase 1,
Building/Unit Number: 01A _____

Peppertree, Phase 1, Week Number: 38 _____

END OF DOCUMENT



EXHIBIT

N

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

**CONSENT ORDER**
**ALLOWING SALE OF UNIT OWNERSHIP INTEREST**
**PURSUANT TO 11 U.S.C. § 363(h)**

1.      The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.      Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.      Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.      By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.      By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.      As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.      The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.      The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.      This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

2

Owner Signature:   _Gabriela Zabala (Roberts) Former_

Owner Full Name:   GABRIELA ROBERTS   _Gabriela Zabala Former Roberts_

Owner Residential Address:   107 GREENMONT LANE, CARY, NC 27511

Peppertree, Phase 1,
Building/Unit Number:   01A

Peppertree, Phase 1, Week Number:   40


END OF DOCUMENT



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PEPPERTREE-ATLANTIC BEACH ASSOCIATION, INC.,

               Debtor.

CASE NO. 15-02700-5-DMW

Chapter 11

## CONSENT ORDER
## ALLOWING SALE OF UNIT OWNERSHIP INTEREST
## PURSUANT TO 11 U.S.C. § 363(h)

1.      The undersigned(s) is an owner, successor, assign, heir, or legal representative of said owner, successor, assign or heir ("Owner(s)") of a timeshare interest at Peppertree Atlantic Beach Resort, Phase I ("Property"), and as Owner(s), owns the specific unit(s) and week number(s) ("Interest") set forth below and resides at or has a mailing address(es) as further set forth below.

2.      Peppertree-Atlantic Beach Association, Inc. ("Debtor"), a North Carolina non-profit corporation with an office and principal place of business in Atlantic Beach, Carteret County, North Carolina, is the Debtor in the above-captioned bankruptcy proceeding filed pursuant to Chapter 11 of the United States Bankruptcy Code.

3.      Debtor is a homeowners association ("Association") composed of all of the Interest Owners in the Property. Debtor is charged with the responsibility under its Declaration of Condominium and Covenants, Conditions and Restrictions, as amended, and governing By-Laws ("Declaration"), to administer the affairs of the Association, maintain the Property, collect regular and special assessments, and manage the common areas. The governing documents are filed in the Carteret County Registry, Book 982 beginning at Page 75, and incorporated herein by reference. Debtor also is the record owner of a one-third undivided interest, as a tenant in common, of certain common area real property ("Common Area"), by virtue of a North Carolina Special Warranty Deed recorded in Book 1008, Page 429, Carteret County Registry, and as further set forth in Debtor's Disclosure Statement and Chapter 11 Plan of Liquidation (collectively, "Ch. 11 Plan") filed in the above-captioned proceedings.

1

4.    By virtue of the undersigned Owner(s)'s record ownership of said Interest in the Property, the undersigned Owner(s) is a member of the Association and thereby holds collectively, along with all other Interest Owners in the Property, an equity interest in said one-third undivided tenant-in-common interest in and to the Common Area.

5.    By the signature(s) below, the undersigned Owner(s) acknowledges receipt of the Ch. 11 Plan and represents that he has read and reviewed the Ch. 11 Plan and executes this Consent Order voluntarily, upon advice of counsel, if so desired, and on his own accord, and represents and warrants that he is under no duress or coercion in executing this Consent Order. Any undersigned, who signs this Consent Order on behalf of any Owner(s) further represents that he is authorized by such Owner(s) or by law to do so, and, by executing this Consent Order, personally represents and warrants that he is authorized to bind the Owner(s) to its terms.

6.    As such, the undersigned Owner(s) understands, acknowledges and consents to the sale of the Property and Common Area free and clear of the undersigned Owner(s)'s Interests in the same;

7.    The undersigned Owner(s) knowingly and voluntarily waives, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of this Consent Order to known or suspected claims. Debtor and the undersigned Owner(s) acknowledge and agree that this waiver is an essential and material term of this Consent Order and without such waiver the Consent Order would not have been executed; and

8.    The undersigned Owner(s) knowingly and voluntarily executes this Consent Order solely as a decision for the purposes of avoiding further time and expense associated with the Lawsuit and adversary proceedings as detailed in Debtor's Ch. 11 Plan;

9.    This Consent Order shall be binding upon and inure to the benefit of Debtor and the undersigned Owner(s) and their respective heirs, representatives, successors, assigns, and their respective offices, directors, shareholders, owners, partners, members, divisions, subsidiaries, parent companies, related entities, employees, agents and attorneys, and the predecessors, heirs, executors, administrators and successors.

THE UNDERSIGNED(S) REPRESENT AND ACKNOWLEDGE THAT HE HAS CAREFULLY READ THE CH. 11 PLAN AND THIS CONSENT ORDER, HAS SECURED THE ADVICE OF COUNSEL, IF SO DESIRED, UNDERSTANDS THE CH. 11 PLAN, THIS CONSENT ORDER AND ITS CONSEQUENCES, AND KNOWINGLY AND VOLUNTARILY ENTERS INTO THIS CONSENT ORDER.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, by consent, that the undersigned Owner(s) is deemed to voluntarily relinquish his Interest in the Property and Common Area and Debtor is entitled to sell the Property and Common Area, pursuant to 11 U.S.C. § 363(h), free and clear of the liens, interests and/or timeshare ownership interests of the undersigned Owner(s) with said liens, interests and/or timeshare ownership interests to attach to proceeds of sale according to the respective priority under state and federal law.

Owner Signature: _____

Owner Full Name:     CURTIS E. SIMPLER

Owner Residential Address:     6479 GADDIS DRIVE, Fayetteville, NC 28306

Peppertree, Phase 1,
Building/Unit Number:     01A

Peppertree, Phase 1, Week Number:     45

END OF DOCUMENT

Owner Signature:

Owner Full Name:       SANDRA B. SIMPLER

Owner Residential Address:       6479 GADDIS DRIVE, Fayetteville, NC 28306

Peppertree, Phase 1,
Building/Unit Number:       01A

Peppertree, Phase 1, Week Number:       45

END OF DOCUMENT